UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERICK RAFAEL HERNANDEZ-QUEVEDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY<br><br>Respondent | No. 1:26-cv-04411-DAD-JDP (HC)<br><br>ORDER GRANTING PETITONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S REMAINING MOTIONS AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On June 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Thereafter, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, the court directed that if respondent opposed the court ruling on the underlying habeas corpus petition based on the briefing currently before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

1

Respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondent argued in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 8 at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent also indicated that it did not oppose the court ruling on petitioner's habeas petition based upon the briefing currently before the court. (Doc. No. 8 at 1.)

Based upon a review of the briefing, the court finds the following facts. Petitioner entered the United States in January 2022. (Doc. No. 1 at 5.) While working as a delivery driver in February 2026, petitioner was apprehended by immigration authorities in Texas. (*Id.* at 6.) He was then subsequently placed in immigration detention where he remains. (*Id.*) Respondent indicated that, "to the extent" petitioner was previously released into the United States, he was then "re-detained" by immigration authorities in 2026, and therefore was subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. No. 8 at 1.)

Pursuant to the reasoning set forth in the court's prior order in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), contrary to respondent's argument, the court concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b). Moreover, respondent apparently concedes that petitioner was previously released and subsequently re-detained and that, accordingly, the circumstances addressed in the court's prior order in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) are not distinguishable from the circumstances in the present matter. (Doc. No. 8 at 1.) The court adopts its reasoning in *Ayala Cajina* and further concludes that petitioner's re-detention violated his procedural due process rights.

Accordingly, for the reasons explained above,

1.     Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondent is ORDERED to immediately release petitioner, Erick Rafael Hernandez-Quevedo, A-File No. 240-209-720, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on or about February 3, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner poses a risk of flight or danger to the community by clear and convincing evidence;

3. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his habeas corpus petition on the merits;

4. Petitioner's motion for the appointment of counsel (Doc. No. 4) is DENIED as moot in light of this order granting his habeas corpus petition on the merits;

5. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex Detention Facility; and

6. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**June 24, 2026**__                    _Dale A. Drozd_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3